IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SIERRA CLUB                                                         PLAINTIFF

VS.                          NO. 4:00CV022 WRW

CITY OF LITTLE ROCK;
LITTLE ROCK PUBLIC WORKS
DEPARTMENT; LITTLE ROCK SANITARY
SEWER COMMITTEE; LITTLE ROCK
WASTEWATER UTILITY                                                  DEFENDANTS

## COMPLAINT

Sierra Club, for its Complaint, states:

### I. INTRODUCTION

This action involves chronic unlawful discharges of untreated sewage from the Little Rock sewer collection system which endanger the health and safety of the City's citizens. These discharges (often referred to as sanitary sewer overflows ("SSOs")) occur in areas where people live, work and play, including the City's neighborhoods, parks, golf courses, streets, storm sewers, creeks, rivers and other waters. Visible waste (including human feces, toilet paper, grease and other wastes), significant odors and disease causing agents persist in these areas for days and sometimes weeks. Despite receiving notice, and requests for action regarding this problem, the City has not undertaken or offered any solutions.

The plaintiff, Sierra Club, brings this citizen suit pursuant to the Federal Water Pollution Control Act 33 U.S.C. §§ 1251 et seq., often referred to as the Clean Water Act (the "Clean Water Act"), and the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 et seq. ("RCRA"), in order to compel the defendants to eliminate SSOs and fully comply with the Clean Water Act, the requirements of their Clean Water Act permits and RCRA.

The Clean Water Act provides that "[e]xcept as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, *the discharge of any pollutant by any person shall be unlawful.*" 33. U.S.C. § 1311(a) [emphasis added]. SSOs discharge pollutants, and therefore, are violations of the Clean Water Act. SSOs also are violations of the defendants' Clean Water Act permits.

In addition, the City has violated its Clean Water Act storm water permit by failing to properly plan for the future of Little Rock's sewer facilities. The storm water permit requires the City to, among other tasks, develop and implement a "comprehensive planning process" designed to limit storm water runoff in areas of new development, undertake adequate annual reviews of its storm water management program and report all SSOs to the Arkansas Department of Environmental Quality. This type of planning is needed to prevent pristine natural areas into which Little Rock is growing, such as the Little Maumelle watershed, from turning into sewage runoff areas, which is what happened to Little Rock's Coleman Creek.

RCRA allows citizens to commence a civil action against any person "who has contributed . . . to the . . . *disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.*" 42 U.S.C. § 6972(a)(1)(B) [emphasis added]. SSOs, which involve the discharge of raw sewage and other wastes containing disease causing agents to the ground and water, present imminent and substantial endangerments to both humans and the environment, and thus must be eliminated.

Sierra Club asks the Court to compel the defendants to stop SSOs, clean up and protect the public from health hazards created by SSOs, adequately plan for the future of its sewer system and fully comply with the Clean Water Act, their Clean Water Act permits and RCRA.

## II. PARTIES

1. Sierra Club is a non-profit public interest organization, organized under the laws of the State of California.

2. The City of Little Rock is an Arkansas municipal government organized pursuant to Ark. Code Ann. § 14-38-101 *et seq.* and a permittee of Clean Water Act National Pollution Discharge Elimination System ("NPDES") permits number ARS000001, AR0021806 and AR0040177.

3. The Little Rock Public Works Department ("LRPW") is a municipal department of the City of Little Rock and a permittee of Clean Water Act NPDES permits number ARS000001, AR0021806 and AR0040177.

4. The Little Rock Wastewater Utility ("LRWU") is a public utility of the City of Little Rock and a permittee of the Clean Water Act NPDES permits number AR0021806 and AR0040177.

5. The Little Rock Sanitary Sewer Committee ("LRSSC") is the governing body of the LRWU and a permittee of the Clean Water Act NPDES permits number AR0021806 and AR0040177.

## III. JURISDICTION AND VENUE

6. Plaintiff Sierra Club is a national nonprofit corporation of over 550,000 members that works on behalf of the public interest to protect, preserve and enhance Arkansas' waters. There are approximately 1,500 Sierra Club members in the State of Arkansas. Sierra Club members live on, adjacent to or near, use, enjoy, and otherwise benefit from, the waters of Arkansas (including, but not limited to, the Arkansas River, Jimmerson Creek, Little Maumelle

basin and Fourche Creek). In particular, Sierra Club members rely on those waters for drinking water supply; they consume fish caught in those waters, as well as waterfowl and other wildlife that live in or are otherwise dependent on those waters, and they participate in a number of water quality-related activities in or on those waters, including but not limited to fishing, hunting, boating, sightseeing, hiking, camping, birdwatching, other forms of recreation, health-related activities, water quality monitoring, education, various scientific endeavors, and aesthetic and spiritual enjoyment. The acts and omissions of the defendants alleged herein cause actual and threatened injury to Sierra Club's members by reducing the suitability of Arkansas waters (including, but not limited to, the Arkansas River, Jimmerson Creek, Little Maumelle and Fourche Creek) for some or all of these benefits and uses. The recreational, aesthetic, sustenance, health, scientific and environmental interests of the Sierra Club's members have been and continue to be adversely affected by the acts and omissions of the defendants described herein that degrade Arkansas waters (including, but not limited to, the Arkansas River, Jimmerson Creek, Little Maumelle and Fourche Creek) and the associated riparian areas.

7.   This Court has jurisdiction over the claims raised herein by virtue of 28 U.S.C. § 1331 (action arising under the laws of the United States), 33 U.S.C. § 1365(a) (citizen suit authorized by the Clean Water Act) and 42 U.S.C. § 6972(a)(1)(B) (citizen suit authorized by RCRA). Declaratory and injunctive relief may be issued pursuant to 28 U.S.C. §§ 2201 and 2202, and mandamus may lie pursuant to 28 U.S.C. § 1361. There is a real and present controversy between the parties.

8.   On or about September 2, 1999, Sierra Club provided written notice, via certified mail, to the City of Little Rock, LRPW, LRSSC, LRWU, the Administrator of the United States

Environmental Protection Agency ("EPA"), the Regional Administrator of Region 6 of the EPA and the Director of the Arkansas Department of Environmental Quality ("ADEQ") of violations of the Clean Water Act and RCRA and of Sierra Club's intent to file suit with regard to those violations, as required by 33 U.S.C. § 1365(b)(1)(A) and 42 U.S.C. § 6972(b)(2)(A). A copy of that notice and the associated certified mail certificates are attached hereto and incorporated herein as Exhibit A.

9.   More than ninety days have passed since the notice was received by all recipients. Neither the EPA nor the State has commenced, or is diligently prosecuting, a court action to redress the violations contained in the notice.

10.   This action is not barred by any prior administrative penalty proceeding on behalf of EPA or the State.

11.   Venue is appropriate in the Eastern District of Arkansas, Western Division, pursuant to 33 U.S.C. § 1365(c)(1) because the sources of the violations complained of are located within this District and pursuant to 42 U.S.C. § 6972(a) because the endangerment has occurred within this District.

## IV. FACTS

12.   According to LRWU's own self-monitoring documents, there have been at least 375 sanitary sewer overflows ("SSOs") since November, 1994. Each of the SSOs listed by date and location in Exhibits B, C and D, which are attached hereto and incorporated herein by reference, have occurred. Also attached hereto and incorporated herein by reference are Exhibits F and G which are pictures evidencing SSOs which occurred in the Murray Park area in 1996 and in the Western Hills Country Club area in January, 1999.

13. SSOs also have been occurring along the Arkansas River from Jimmerson Creek through Murray Park and the Rebsamen Golf Course, in the Hall High School and Western Hills Country Club areas and other areas around the City of Little Rock for at least five years (over a decade in some instances) after rain events, due to inflow and infiltration. The rain events in the City of Little Rock are listed in Exhibit E which is attached hereto and incorporated herein by reference. SSOs caused by inflow and infiltration will continue to occur in each of these areas.

14. Upon information and belief, the "firm" capacity of the Adams Field Waste Water Treatment Plant ("WWTP") is at most 60.85 million gallons per day ("mgd") and the firm capacity of the Fourche Creek WWTP is at most 30.2 mgd. Exhibit E contains a list of average daily flow volumes for Adams Field WWTP and Fourche Creek WWTP since January 1, 1994. Upon information and belief, SSOs occurred upstream in the sewer collection system each time the Adams Field WWTP operated at or above firm capacity of 60.85 mgd and each time the Fourche Creek WWTP operated at or above firm capacity of 30.2 mgd.

15. Each of the SSOs listed in Exhibits B, C and D and pictured in Exhibits F and G, each of the SSOs which occurred on the dates that Little Rock received rainfall, as listed in Exhibit E, each of the SSOs which occurred when the Adams Field WWTP operated at or above firm capacity of 60.85 mgd and when the Fourche Creek WWTP operated at or above firm capacity of 30.2 mgd, as well as each future SSO ultimately flowed or will flow into the Little Rock storm water sewer system and/or into surface waters, either directly or indirectly through groundwater hydrologically connected to surface waters.

16. Each of the SSOs listed in Exhibits B, C and D and pictured in Exhibits F and G, each of the SSOs which occurred on the dates that Little Rock received rainfall, as listed in

Exhibit E, each of the SSOs which occurred when the Adams Field WWTP operated at or above firm capacity of 60.85 mgd and when the Fourche Creek WWTP operated at or above firm capacity of 30.2 mgd, as well as each future SSO presents or will present an imminent and substantial endangerment to health and the environment.

17. The frequency and persistence of the SSOs indicate that they intermittently occur and will continue to occur in the future.

18. The defendants have not taken necessary actions to minimize or prevent SSOs.

19. Extensive new development has occurred in the western portion of Little Rock since NPDES permit number ARS000001 was issued.

## V. FIRST CAUSE OF ACTION
## VIOLATION OF THE CLEAN WATER ACT FOR SSOs

20. Plaintiff restates and realleges the preceding paragraphs, which are incorporated herein by reference.

21. Each of the SSOs listed in Exhibits B, C and D and pictured in Exhibits F and G, each of the SSOs which occurred on the dates that Little Rock received rainfall, as listed in Exhibit E, each of the SSOs which occurred when the Adams Field WWTP operated at or above firm capacity of 60.85 mgd and when the Fourche Creek WWTP operated at or above firm capacity of 30.2 mgd, as well as each future SSO is a violation of the Clean Water Act 33 U.S.C. § 1311(a)(2) by all defendants.

22. Each of the SSOs listed in Exhibits B, C and D and pictured in Exhibits F and G, each of the SSOs which occurred on the dates that Little Rock received rainfall, as listed in Exhibit E, each of the SSOs which occurred when the Adams Field WWTP operated at or above

firm capacity of 60.85 mgd and when the Fourche Creek WWTP operated at or above firm capacity of 30.2 mgd, as well as each future SSO is a violation of Part II §§ (B)(1) and (B)(3) of NPDES permits number AR0021806 and AR0040177 and the Clean Water Act by each corresponding defendant permittee.

23. Each of the SSOs listed in Exhibits B, C and D and pictured in Exhibits F and G, each of the SSOs which occurred on the dates that Little Rock received rainfall, as listed in Exhibit E, each of the SSOs which occurred when the Adams Field WWTP operated at or above firm capacity of 60.85 mgd and when the Fourche Creek WWTP operated at or above firm capacity of 30.2 mgd, as well as each future SSO is a violation of Part II §§ (A)(1), (B)(1), (B)(2), Part III §§ (B)(6), (B)(6)(i), (B)(6)(ii), and (I)(1) of NPDES permit number ARS000001 and the Clean Water Act by each corresponding defendant permittee.

## VI. SECOND CAUSE OF ACTION
## VIOLATION OF THE CLEAN WATER ACT FOR PERMIT NONCOMPLIANCE

24. Plaintiff restates and realleges the preceding paragraphs, which are incorporated herein by reference.

25. Part III § (G) of NPDES permit number ARS000001 requires an annual review of the Storm Water Management Program ("SWMP") implemented pursuant to NPDES permit number ARS000001. Upon information and belief, annual reviews of the SWMP have not met the requirements of the permit, and thus the insufficient annual reviews constitute violations of NPDES permit number ARS000001 and the Clean Water Act by each corresponding defendant permittee.

26. Part III § (B)(2) of NPDES permit number ARS000001 requires the

implementation of a "comprehensive master planning process to develop, implement, and enforce controls to reduce, to the [maximum extent practicable], the discharge of pollutants from areas of new development and significant redevelopment after construction is completed." The comprehensive master planning process utilized does not meet the requirements of the permit, and thus constitutes violations of NPDES permit number ARS000001 and the Clean Water Act by each corresponding defendant permittee.

27. NPDES permit number ARS000001, Part II § (D)(5), requires that all instances of known noncompliance with the permit be reported to the State. Each SSO listed in Exhibits B, C and D and pictured in Exhibit F and G, each of the SSOs which occurred on the dates that Little Rock received rainfall, as listed in Exhibit E, and each of the SSOs which occurred when the Adams Field WWTP operated at or above firm capacity of 60.85 mgd and when the Fourche Creek WWTP operated at or above firm capacity of 30.2 mgd, as well as each future SSO constitute instances of noncompliance with NPDES permit number ARS000001. Upon information and belief, none of these SSOs were reported by the permitee, and thus each failure to report each SSO and each failure to report each future SSO constitute a violation of NPDES permit number ARS000001 and the Clean Water Act by each corresponding defendant permittee.

### VII. THIRD CAUSE OF ACTION
### VIOLATION OF THE RESOURCE CONSERVATION AND RECOVERY ACT

28. Plaintiff restates and realleges the preceding paragraphs, which are incorporated herein by reference.

29. The defendants have contributed and contributes to the handling, storage, treatment and disposal of solid waste, within the meaning of RCRA.

30.     Each of the defendants are a "person" within the meaning of RCRA, 42 U.S.C. § 6903(15).

31.     Each of the SSOs listed in Exhibits B, C and D and pictured in Exhibits F and G, each of the SSOs which occurred on the dates that Little Rock received rainfall, as listed in Exhibit E, each of the SSOs which occurred when the Adams Field WWTP operated at or above firm capacity of 60.85 mgd and when the Fourche Creek WWTP operated at or above firm capacity of 30.2 mgd, as well as each future SSO, released or will release solid waste and raw sewage into the environment (including but not limited to, public streets, public parks, public golf courses, residential yards, the storm sewer system and surface waters). Each release of solid waste and raw sewage from these SSOs into the environment created imminent and substantial endangerments to health and the environment and created or will create ongoing and/or intermittent imminent and substantial endangerments to health and the environment, and thus are violations of RCRA by all defendants.

32.     Attached hereto as Exhibit H and incorporated herein by reference, is a table compiled by Sierra Club from "Discharge Monitoring Reports" for 1997-1999 submitted by the City of Little Rock to the Arkansas Department of Environmental Quality which lists other instances of imminent and substantial endangerment to health and the environment and existing imminent and substantial endangerment to health and environment caused by high levels of fecal streptococci and fecal coliform released from SSOs, and thus each instance listed in Exhibit H constitutes a violation of RCRA, 42 U.S.C. §6903(27), by all defendants.

WHEREFORE, Sierra Club prays that this Court:

(a) Adjudge and declare that the City of Little Rock, the Little Rock Public Works

Department, the Little Rock Sanitary Sewer Committee and the Little Rock Wastewater Utility have violated and are in violation of the Clean Water Act, 33 U.S.C. § 1311(a);

(b) Enjoin the City of Little Rock, the Little Rock Public Works Department, the Little Rock Sanitary Sewer Committee and the Little Rock Wastewater Utility from discharging pollutants and waste except in compliance with the prohibitions, terms and conditions of their Clean Water Act NPDES permits;

(c) Enjoin the City of Little Rock, the Little Rock Public Works Department, the Little Rock Sanitary Sewer Committee and the Little Rock Wastewater Utility to completely clean up, adequately protect the public from, and educate the public about the health hazards created by, unlawful discharges of pollutants and waste;

(d) Enjoin the City of Little Rock, the Little Rock Public Works Department, the Little Rock Sanitary Sewer Committee and the Little Rock Wastewater Utility to fully comply with the discharge prohibitions, effluent limitations, and requirements of their Clean Water Act NPDES permits;

(e) Enjoin the City of Little Rock and the Little Rock Public Works Department to fully comply with the reporting requirements of their Clean Water Act NPDES permit number ARS000001;

(f) Enjoin the City of Little Rock and the Little Rock Public Works Department to fully comply with Storm Water Management Program annual review requirement of Clean Water Act NPDES permit number ARS000001;

(g) Enjoin the City of Little Rock and the Little Rock Public Works Department to fully comply with the comprehensive master planning process requirement of Clean Water Act NPDES

permit number ARS000001;

(h) Adjudge and declare that the City of Little Rock, the Little Rock Public Works Department, the Little Rock Sanitary Sewer Committee and the Little Rock Wastewater Utility have violated and are in violation of the Resource Conservation and Recovery Act;

(i) Enjoin the City of Little Rock, the Little Rock Public Works Department, the Little Rock Sanitary Sewer Committee and the Little Rock Wastewater Utility from creating imminent and substantial endangerments to health and the environment and violating the Resource Conservation and Recovery Act;

(j) Order the City of Little Rock, the Little Rock Public Works Department, the Little Rock Sanitary Sewer Committee and the Little Rock Wastewater Utility to pay civil penalties of $25,000 per day of violation for each violation documented herein and the exhibits attached hereto, pursuant to the Clean Water Act, 33 U.S.C. §§ 1319(d) and 1365(a);

(k) Retain jurisdiction over this matter until such time as the City of Little Rock, the Little Rock Public Works Department, the Little Rock Sanitary Sewer Committee and the Little Rock Wastewater Utility have come into compliance with the Clean Water Act, the prohibitions, terms and conditions of their Clean Water Act NPDES permits, and the Resource Conservation and Recovery Act;

(l) Award plaintiffs costs (including reasonable attorney, witness and consultant fees) as authorized by the Clean Water Act, 33 U.S.C. § 1365(d), and the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(e); and,

(m) Award all other proper relief.

Hank Bates
McMATH, VEHIK, DRUMMOND, HARRISON
& LEDBETTER
711 West Third Street
Little Rock, AR 72201
(501) 396-5413

and

WILLIAMS & ANDERSON LLP
Twenty-Second Floor
111 Center Street
Little Rock, AR 72201
(501) 372-0800


By_____
T. David Gillespie, #96210

*Attorneys for Plaintiff*

Comp0001.pld

13